## CIRCUIT COURT OF LOUDOUN COUNTY

Kimble et al.

v.

McIlwee Trucking Co., Inc., et al.

October 26, 1993

Case No. (Law) 13815

BY JUDGE THOMAS D. HORNE

Based upon the admitted facts in this case, the court finds that Defendants McIlwee Trucking Company, Inc., and Marvin W. Grim, Jr., were "no strangers" to the business of Tri-County Asphalt at the time of Dallas R. Kimble's fatal injury. This case is indistinguishable from *Donaldson v. Barrett, Inc., et al.*, No. 91–2177 (4th Cir., October 21, 1992, unpublished) relied upon by Defendants in support of their Pleas in Bar. Plaintiffs' exclusive remedy is to be found in the Virginia Workmen's Compensation Act as the Defendant is not an "other party" within the contemplation of the Act. § 65.1–41 (now § 65.2–309), Code of Virginia.

At the time of his death, Dallas Kimble was employed as a foreman by Dominion Paving, Inc., d/b/a Tri-County Asphalt. He was struck and killed by a dump truck operated by Marvin W. Grim, Jr., who was, at the time, in the employ of McIlwee Trucking Company, Inc. Tri-County contracted with McIlwee to assist in the hauling of materials in conjunction with a paving project. The trucks were obtained to supplement Tri-County's own fleet and performed work consistent with that being performed by Tri-County's own trucks. Mr. Kimble was directing the Defendants' truck at the job site at the time of his death.

Plaintiff contends that the Defendant was not engaged in the construction of roads or the manufacture of asphalt. This may be true. However, the test to be applied in this case is not whether the work performed by Tri-County was part of Defendants' "trade business or

occupation" but whether the work of the Defendant hauler was an essential part of the work of the statutory employer. That is, it was "no stranger" to Plaintiff employer's work. *Whalen v. Dean Steel Co.*, 229 Va. 164 (1985). *Cf. Johnson v. Jefferson National Bank*, 224 Va. 482 (1922). Defendants' activity was part of the trade business and occupation of Tri-County.

Accordingly, the Plea in Bar will be sustained and the Motion for Judgment dismissed.